**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JACKIE LEE BANKS,

    Petitioner,                           Civil No. 2:06-CV-15151
                                                HONORABLE VICTORIA A. ROBERTS
                                                UNITED STATES DISTRICT JUDGE
v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF
HABEAS CORPUS TO THE WESTERN DISTRICT OF LOUISIANA**

    Jackie Lee Banks, ("petitioner"), presently confined at the Federal Correctional Institution in Oakdale, Louisiana, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges the determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). In the interests of justice, the Court concludes that jurisdiction over this petition lies in the United States District Court for the Western District of Louisiana and will therefore order that the petition be transferred to that district.

**I. DISCUSSION**

    A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d 414, 415 (D.C.

Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977). Claims which seek to challenge the execution or manner in which a federal prisoner's sentence is served shall therefore be filed in the court having jurisdiction over the prisoner's custodian pursuant to § 2241. *Charles v. Chandler,* 180 F. 3d 753, 756 (6th Cir. 1999); *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. *See Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003). Therefore, the fact that Petitioner may have been convicted in the Eastern District of Michigan would not give this Court jurisdiction over his § 2241 habeas petition, because this Court does not have jurisdiction over the warden of the federal prison where petitioner is incarcerated. *See Robinson v. Morrison,* 27 Fed. Appx. 557 (6th Cir. 2001).

Petitioner claims that the B.O.P. denied him early release to a halfway house or CCC in violation of 18 U.S.C.§§ 3621(b) and 3624(c). Because this claim is a challenge to how his sentence is being executed, it can only be entertained in the district court which has territorial jurisdiction over Petitioner's custodian. *See e.g. Bersch v. Benov,* 220 F. Supp. 2d 75, 76 (D.N.H. 2002). Petitioner's current custodian is the warden of the Federal Correctional Institution in Oakdale, Louisiana, which is located in the Western District of Louisiana.

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in

which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte. Chatman-Bey v. Thornburgh,* 864 F. 2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over Petitioner's custodian, it must transfer the case to the federal district court which has jurisdiction over petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Louisiana.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 28, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on November 28, 2006.

S/Carol A. Pinegar
Deputy Clerk

3